108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor GONZALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 13, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aip-hxk-epq.
 B.I.A.
 PETITION DENIED.
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Gonzales, a native and citizen of Nicaragua, seeks review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") denial of his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion a denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and for substantial evidence a decision to deny withholding of deportation, Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995). We review for substantial evidence the factual findings underlying the BIA's asylum determination. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We will reverse only if Gonzales demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacharias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To be eligible for asylum, Gonzales must show that he is unable to return to Nicaragua because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(a). To qualify for withholding of deportation, Gonzales must meet a higher evidentiary standard by demonstrating a clear probability of persecution. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Gonzales contends that the BIA's decision was not supported by substantial evidence. We disagree.
 
 
 6
 Gonzales asserts he will be persecuted upon his return to Nicaragua for twice deserting from the Sandinista military. At his asylum hearing, Gonzales testified that, after he deserted from the army, he was captured and imprisoned for treason for one month. Although Gonzales agreed to return to military service in exchange for his release, he later deserted a second time. Gonzales testified that, after his second desertion, Sandinista police searched his home and beat his mother when they could not find him.
 
 
 7
 We deny the petition for review because the evidence presented by Gonzales would not compel a reasonable factfinder to find the requisite fear of persecution. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994). Generally, punishment for refusal to serve in the military does not, for purposes of asylum, constitute persecution. See Abedini, 971 F.2d at 191. Gonzales has not demonstrated that his refusal was "based on objection to participation in inhuman acts." Ramos-Vasquez v. INS, 57 F.3d 857, 863 (9th Cir.1995) (quoting Barraza Rivera v. INS, 913 F.2d 1443, 1453 (9th Cir.1990)). Nor has he shown that he would suffer disproportionately severe punishment for his desertion because of his political beliefs. See Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990). Moreover, Gonzales failed to present evidence that the Sandinistas interpreted his desertion as an expression of any political belief at all. See Abedini, 971 F.2d at 191.
 
 
 8
 Because Gonzales failed to satisfy the lesser standard of proof required to establish eligibility for asylum, he necessarily failed to demonstrate eligibility for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995).
 
 
 9
 Gonzales's request for attorney's fees is denied.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3